JOSEPH P. HARDY, ESQ.
Nevada Bar No. 7370
GORDON & REES LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169
Telephone:  (702) 577-9300
Facsimile:  (702) 255-2858
Email:  jhardy@gordonrees.com

*Attorneys for Bracco Diagnostics Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: CIVIL INVESTIGATIVE DEMAND No. 2014-06, | CASE NO.: 2:15-cv-00100-APG-VCF<br><br>**STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the United States Attorney for the District of Nevada issued Civil Investigative Demand No. 2014-06 (the CID), served the CID on the Law Offices of Steven Burris on October 24, 2014, and served copies of the CID on other parties to the litigation known as *In re Bracco Diagnostics Litigation,* No. A-12-665252-C (Clark Cty., Nev.) (the Bracco Litigation) on October 21, 2014, as part of an investigation by the United States Attorney's Office for the District of Nevada (the USAO) into whether any person or entity submitted false claims or made false statements in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, in connection with the operations of Nevada Heart & Vascular Center (Resh) LLP (NH&V); and,

WHEREAS, the parties whose attorneys received a copy of the CID, believe that some documents responsive to the CID may contain trade secrets, proprietary financial or commercial material, or other sensitive information which are protected by a Protective Order entered in the Bracco Litigation on May 21, 2013, and supplemented on July 17, 2013 (the Bracco Order); and

///

1  WHEREAS, it is stipulated and agreed that this Protective Order applies to all parties to
2 the Bracco Litigation and the United States of America, including but not limited to the USAO,
3 and sets forth the terms that will govern the disclosure and use of documents responsive to the
4 CID;
5  NOW, THEREFORE, it is hereby ORDERED:
6  1.  This Order shall apply to all documents responsive to the CID that have been
7 designated as CONFIDENTIAL pursuant to paragraph 1 of the Bracco Order by any party to the
8 Bracco Litigation (the Designated Material).
9  2.  Designated Material shall be maintained as confidential and shall not be used or
10 disclosed for any purpose other than conducting the above-described investigation and any
11 related proceeding, except as provided herein or as otherwise may be required by law.  In
12 addition, the United States shall handle all documents, whether a document is designated as
13 Designated Material or not, in the manner required by 31 U.S.C. § 3733(i) through (k).
14  3.  If a portion of any pleading, motion, or other document filed with the Court in any
15 related proceeding contains Designated Material, that portion shall be filed and kept under seal
16 until further order of the Court.  Testimony at any deposition or other proceeding regarding
17 Designated Material may also be designated as Designated Material by making a statement to
18 that effect on the record at the deposition or other proceeding.  Arrangements shall be made with
19 the court reporter taking and transcribing the deposition or other proceeding to bind and label
20 separately those portions of the transcripts containing the Designated Material.
21  4.  In the event of a request by a third party (excluding Congress or an agency of the
22 United States) for disclosure of Designated Material, the United States will protect the
23 Designated Material from disclosure to the fullest extent permitted by law.  All parties will be
24 given as much notice as is practicable prior to the disclosure of Designated Material to a third
25 party who requests disclosure under any provision of law.
26  5.  Nothing contained in this Order shall prevent or in any way limit or impair the
27 right of the United States to disclose Designated Material to persons whose assistance is required
28 to conduct the above-described investigation and any related proceeding, including but not

1  limited to employees, agents, consultants, or prospective witnesses; provided, however, that any
2  such person or his/her/its counsel to whom Designated Material is disclosed, excluding
3  employees of the United States, first shall be advised of the terms of this Order and shall be
4  required to execute a written acknowledgment that such person or counsel has read the Order and
5  agrees to be bound by it.
6        6.    Nothing contained in this Order shall prevent or in any way limit or impair the
7  right of the United States to disclose to any agency or department of the United States, or any
8  division of any such agency or department, Designated Material relating to any potential
9  violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall
10 anything contained in this Order prevent or in any way limit or impair the use of any such
11 Designated Material by an agency in any proceeding relating to any potential violation of law or
12 regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the
13 agency shall maintain the confidentiality of Designated Material consistent with the terms of this
14 Order.
15       7.    Nothing contained in this Order shall prevent or in any way limit or impair the
16 right of the United States to provide any document or information to the Congress pursuant to a
17 Congressional request; provided, however, that the United States shall notify the Congressional
18 entity requesting the documents that the Designated Material has been produced pursuant to this
19 Order and shall, if there are no objections interposed by the Congressional entity requesting the
20 documents, use reasonable efforts to notify all parties of the Congressional entity's request and
21 the United States' response thereto.
22       8.    Nothing contained in this Order shall preclude the United States from contesting
23 the designation of any document as Designated Material.  If the United States intends to contest
24 any document designated as Designated Material, it shall notify the affected party in writing at
25 least ten business days prior to disclosing that document in any public proceeding or publicly
26 filed document.  Any party to the Bracco litigation shall have the option to file a petition for a
27 protective order with a court of competent jurisdiction demonstrating that there is good cause to
28 designate the document at issue as Designated Material.  If a timely petition for a protective

1  order is filed, the document at issue will be treated as Designated Material until a final, non-
2  appealable order has been entered or until the time to appeal an order has expired.

3      9.    The fact that documents responsive to the CID are produced shall not be used,
4  offered or argued in any proceeding as a basis or reason why any party to the Bracco Litigation
5  shall be required to provide the same or similar documents to any other agency, as constituting a
6  waiver of any applicable privilege, or as constituting a waiver of the right to object to disclosure
7  of other documents or information.  However, the United States shall retain the right to contest
8  the assertion of any such privilege or objection.

9      10.    At the close of the above-described investigation, all documents designated
10 Designated Material will be destroyed unless any party to the Bracco Litigation requests their
11 return or they are to be used by any agency of the United States in any action of any kind;
12 provided, however, that the USAO shall have the right to maintain one copy of such documents
13 for its Master Files.

14     SO STIPULATED:

| ON BEHALF OF THE<br>UNITED STATES: | ON BEHALF OF BRACCO<br>DIAGNOSTICS INC. |
|---|---|
| DANIEL G. BOGDEN<br>United States Attorney | GORDON & REES LLP |
|     /s/ Roger W. Wenthe<br>By: ROGER W. WENTHE, ESQ.<br>    Assistant United States Attorney<br>    District of Nevada<br>    333 Las Vegas Blvd. South, Suite 5000<br>    Las Vegas, Nevada 89101 |     /s/ Joseph P. Hardy, Jr.<br>JOSEPH P. HARDY, JR., ESQ.<br>3770 Howard Hughes Parkway, Suite 100<br>Las Vegas, Nevada 89169 |

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  ON BEHALF OF NEVADA HEART
   AND VASCULAR CENTER (RESH) LLP,
2  AND AFFILIATED DOCTORS              ON BEHALF OF MED-SMART INC.

3  JOHN H. COTTON & ASSOCIATES LTD.    WOLFE & WYMAN LLP

4

5  _____/s/ Adam Schneider_____  _____/s/ Jarad D. Beckman_____
   JOHN H. COTTON, ESQ.                JARAD D. BECKMAN, ESQ.
6  ADAM SCHNEIDER, ESQ.                980 Kelly Johnson Drive, Suite 140
   7900 West Sahara Avenue, Suite 200  Las Vegas, Nevada  89117
7  Las Vegas, Nevada  89117

8
                                  22nd              January
9      IT IS SO ORDERED this _____ day of_____, 2015.

10

11                                      _____
                                        UNITED STATES ~~DISTRICT COURT~~ JUDGE
12                                                    Magistrate